UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY HAYES,

    Plaintiff,

v.                                                               06-CV-3191

WARDEN SIMMS et al.,

    Defendants.

### Order on Summary Judgment

This case proceeds on the plaintiff's claims that: 1) McCray and Beaston retaliated against the plaintiff for filing grievances, by filing and supporting a false disciplinary ticket; 2) Dr. Lochard and Nurse Lucy Kahl were deliberately indifferent to his serious medical needs; 3) against Dr. Stutz for deliberate indifference to the plaintiff's serious medical needs regarding his teeth; and 4) against Dr. Williams for deliberate indifference to the plaintiff's serious medical needs regarding his eyes.

The defendants' respective summary judgment motions are before the court. For the reasons below, the motions are granted.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

*Analysis*

*I. Retaliation Claim Against Defendant McCray and Beaston*

On or about May 25, 2005, Defendant Beaston wrote the plaintiff a ticket for having unauthorized property in his cell, including a clip board. Beaston charged the plaintiff with unauthorized property, theft and violation of rules. The ARB found the plaintiff guilty and punished him with 3 months of grade demotion.

The same day, Defendant McCray wrote a disciplinary ticket against the plaintiff, accusing the plaintiff of insolence and a dangerous disturbance. According to the ticket, the plaintiff inserted himself into a situation between Correctional Officer Beaston and another inmate. The plaintiff allegedly made comments such as "This is bullshit. Are we just going to let these racist bitches from this town walk the brother." The Adjustment Committee found the plaintiff guilty of insolence, an punished the plaintiff with 3 months C grade, 21 days segregation, and a disciplinary transfer.

The plaintiff denies the allegations in both tickets. He asserts that the tickets were written in retaliation for the plaintiff's prior grievances. The plaintiff picks apart the evidence relied on by the Committee to show that insufficient evidence existed to support the guilty finding. The plaintiff, however, offers no evidence that either McCray or Beaston was motivated in any part because of any of the plaintiff's prior grievances. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996)("plaintiff must establish that his protected conduct was a motivating factor behind [the defendants' actions]"). The only grievances in the record are from February and March 2006 and involve that plaintiff's quest for his medical records, x-rays, and medical attention. These grievances had nothing to do with McCray or Beaston and there is no evidence that McCray or Beaston was even aware of these grievances, much less motivated by them. Further, as stated in the court's prior order, the federal court does not sit as a court of appeals for prison disciplinary decision. The plaintiff's punishment implicates no liberty interests, and, in any event, the plaintiff received procedural due process–the tickets are supported by some evidence, even if the plaintiff believes that the evidence should not have been relied upon.

Accordingly, summary judgment is mandated for Defendants Beaston and McCray.

*II. Claims for Deliberate Indifference to Serious Medical Needs*

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). The injury or need must be objectively serious, and the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001). An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997)). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant

injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373.  The subjective component (deliberate indifference) does not encompass negligence or even gross negligence.  *Id.*, *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn*, 251 F.3d at 593, *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer*, 220 F.3d at 811.

      The plaintiff's claim against Dr. Lochard and Nurse Kahl appears to involve the plaintiff's hip.  Beginning on February 16, 2006, the plaintiff asked for medical attention for pain in his hip, but he was not seen by the doctor until March 22, 2006.  He asserts that his hip was swollen and he was in pain, was unable to climb or move fast without medicine.  This is insufficient to establish a serious medical need.  Further, the undisputed facts, supported with references to the record, show no deliberate indifference by Dr. Lochard and Nurse Kahl.  Summary judgment is therefore mandated for them.

      The plaintiff appears to have abandoned his claims regarding treatment for his vision and dental needs, as he does not address them in his responses.  In any event, the undisputed facts offered by Defendants Stutz and Williams demonstrate that they were not deliberately indifferent to any of the plaintiff's serious medical needs.  Accordingly, summary judgment is also mandated for Stutz and Williams.

IT IS THEREFORE ORDERED:

      1) The defendants' motions for summary judgment are granted (d/e's 66, 67, 69, 72).  The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff.  All pending motions are denied as moot, and this case is terminated.

      3)  If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

      Entered this <u>24th</u> Day of March, 2009.

      <u>s</u>\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE